UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA DENISE WILLIAMS and
DOREEN VAN BUREN,
individually and on behalf of all
others similarly situated,

   Plaintiff,

v.

HEALTH ALLIANCE PLAN
OF MICHIGAN,

   Defendant.

Case No.

Hon.

David M. Blanchard (P67190)
Daniel C. Tai (P76798)
Blanchard & Walker, PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com
tai@bwlawonline.com

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Tonya Denise Williams and Doreen Van Buren, through their attorneys, Blanchard & Walker, PLLC, individually and on behalf of all persons similarly situated, file this Collective Action Complaint against Defendant Health Alliance Plan of Michigan, seeking all available relief under the Fair Labor

1

Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiffs allege that although Defendant classified them as "exempt" under the FLSA, see 29 U.S.C. § 213(a), they were in fact "non-exempt" employees for purposes of the FLSA and were not paid overtime wages when they worked over forty (40) hours in a week. The following allegations are based on personal knowledge as to Plaintiffs' own conduct, and are made on information and belief as to the acts of others.

## NATURE OF THE CASE

1. Plaintiffs have initiated the instant action to redress violations of the FLSA caused by Defendant Health Alliance Plan of Michigan's ("HAP" or "Defendant") failure to pay proper overtime wages to Plaintiff and other employees who are similarly situated.

2. Plaintiffs and other similarly situated employees are or were employed by HAP as Appeals and Grievance Analysts ("AGAs") within the past three years.

3. During the applicable statutory period, Plaintiffs and those similarly situated worked more than forty (40) hours per workweek but were not paid the proper overtime premium for all of their overtime hours.

4. Under the FLSA, an employee is classified as exempt versus non-exempt according to their job duties. See 29 U.S.C. § 213(a). Non-exempt employees are entitled to overtime compensation under the FLSA. *Id*.

5. HAP improperly classified Plaintiff and those similarly situated as exempt employees under the FLSA, thereby denying them their overtime compensation as required by law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## PARTIES

**Tonya Williams**

8. Plaintiff Tonya Denise Williams ("Tonya Williams") is an adult resident of the State of Michigan.

9. Tonya Williams has been employed by HAP starting on or around September 2011. She has been employed by HAP as an AGA from about April 2013 to present.

10. Prior to on or around November 2014, the job title for AGAs was "Member Advocate"; however, the actual job duties and responsibilities for AGAs

has remained the same throughout the three years preceding this lawsuit notwithstanding the change in job title.

11. Tonya Williams is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

12. Tonya Williams's signed consent form is filed with the Court as *Exhibit 1* to this Complaint.

**Doreen Van Buren**

13. Plaintiff Doreen Van Buren ("Van Buren") is an adult resident of the State of Michigan.

14. Van Buren has been employed by HAP starting on or around May 1996. She has been employed by HAP as an AGA from about July 2009 to present.

15. Van Buren is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

16. Van Buren's signed consent form is filed with the Court as *Exhibit 2* to this Complaint.

**Defendant HAP**

17. HAP is a Michigan non-profit corporation with its corporate headquarters located in Detroit, Michigan.

18. HAP employs over 1,000 employees and has more than 675,000 members in its medical benefit plans.

19. HAP administers health insurance benefits under health maintenance organization (HMO), preferred provider organization (PPO), and exclusive provider organization (EPO) plans. HAP also administers health and prescription drug plans for individuals who qualify for Medicare. *HAP Fact Sheet*, HAP, https://www.hap.org/docs/fact_sheet.pdf (last visited April 26, 2017).

20. At all times material, HAP was an "enterprise engaged in commerce or in the production of goods for commence" as defined by the FLSA, 29 U.S.C. 203(s)(1).

21. HAP is the "employer" of the Plaintiffs and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

## **GENERAL ALLEGATIONS**

22. Plaintiffs brings this suit individually and on behalf of a collective class of similarly situated persons composed of:

> All persons who are currently or were formerly employed by the Defendant as Appeals and Grievance Analysts who in the past three years preceding this lawsuit, worked more than 40 hours in a given workweek at least one time, and received anything less than 1.5 times their regular rate of pay for hours worked over 40 in a workweek, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (hereafter referred to as "the FLSA Collective");

23. Defendant willfully misclassified Plaintiffs and the FLSA Collective as "exempt" under the FLSA. As a result, Plaintiffs and the FLSA Collective were illegally under-compensated for their work.

24. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. § 207(a)(1).

25. The FLSA exempts certain employees from the overtime requirements; however, an employer who claims an exemption under the FLSA has the burden of showing that the exemption applies.

26. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

27. Plaintiffs and the FLSA Collective have the primary job duty of responding to grievances filed by HAP members over issues concerning insurance coverage and claim disputes.

28. Plaintiffs and the FLSA Collective are not regularly engaged in the management and general business administration of HAP's operations.

29. Plaintiffs' and the FLSA Collective's actual primary job duties do not include the exercise of discretion and independent judgment with respect to matters of significance. They make no holistic decisions. Rather, manuals, rules and policies that are promulgated and enforced by HAP control nearly every aspect of their work.

30. AGAs are supervised by a Grievance Manager. The Grievance Manager must approve nearly every aspect of the AGAs' work to ensure

compliance with rules and policies dictated by HAP. For example, the Grievance Manager must approve of any written communication sent by an AGA to any member of HAP's benefits plans.

31. In the three years preceding this lawsuit, Plaintiffs and the FLSA Collective regularly worked more than 40 hours per workweek without being paid their proper overtime compensation, in violation of the FLSA.

32. HAP has willfully failed to pay overtime as required under the FLSA and has done so knowingly and without any good faith legal basis.

33. HAP willfully operated under a common scheme to deprive Plaintiffs and the FLSA Collective of proper overtime compensation by paying them less than what is required under law.

34. HAP was aware, or should have been aware, of its unlawful classification and recklessly chose to disregard the consequences of its actions.

## COUNT I
**Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.*
*Unpaid Overtime - On Behalf of Plaintiffs and the FLSA Collective*

35. Plaintiffs bring this case as an "opt-in" collective action pursuant to 29 U.S.C. §216(b).

36. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's employment records.

37. Plaintiffs and the FLSA Collective are all victims of Defendant's common policy of misclassifying its AGAs as exempt under the FLSA. This policy has resulted in willful violations of Plaintiffs' and the FLSA Collective's rights under the FLSA, and that have caused significant damage to Plaintiffs and the FLSA Collective.

38. The job duties of Plaintiffs and the FLSA Collective do not fit the definition of exempt administrative employees as forth in the FLSA, case law, and administrative regulations because:

   a. Their primary job duty is not directly related to the management and/or general business operations of HAP; and

   b. Their primary job duty does not include the exercise of discretion and independent judgment with respect to matters of significance; rather they must follow comprehensive company-wide policies and guidelines that dictate virtually every aspect of their job duties, and they have virtually no discretion in denying or approving an appeal.

39. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

40. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiffs and the FLSA Collective no less than one and

one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

41. Plaintiffs and the FLSA Collective regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

42. Defendant did not and has not made a good-faith effort to comply with the FLSA.

43. Defendant willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates.

44. Defendant's willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

45. As a direct and proximate result of these unlawful practices, Plaintiffs and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed FLSA Collective, pray for relief as follows:

a. A finding that Plaintiffs and the FLSA Collective are similarly situated;

b. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

c. Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

d. Judgment against Defendant for an amount equal to Plaintiffs' and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Defendant's violations of the FLSA are willful;

f. An amount equal to Plaintiffs' and the FLSA Collective's actual damages as liquidated damages;

g. All costs and attorneys' fees incurred prosecuting this claim;

h. An award of any pre- and post-judgment interest;

i. Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

j. All further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Daniel C. Tai (P76798)
Blanchard & Walker, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com
tai@bwlawonline.com

Date: April 26, 2017