UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA DENISE WILLIAMS,
DOREEN VAN BUREN,
SHAWNA PAYNE MAXWELL,     Case No. 2:17-cv-11336
STACEY M. BURCH,
DIMITRA JACKSON,          HON. DAVID M. LAWSON
WANDA L. WILLIAMS and
SHARON JOHNSON,

      Plaintiffs,

v.

HEALTH ALLIANCE PLAN
OF MICHIGAN,

      Defendant.
_____

| | |
|---|---|
| DAVID M. BLANCHARD (P67190) | TERRENCE J. MIGLIO (P30541) |
| FRANCES J. HOLLANDER (P82180) | BARBARA E. BUCHANAN (P55084) |
| BLANCHARD & WALKER, PLLC | VARNUM LLP |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 221 N. Main Street, Suite 300 | 160 W. Fort Street, Fifth Floor |
| Ann Arbor, MI 48104 | Detroit, MI 48226 |
| (734) 929-4313 | (313) 481-7000 |
| blanchard@bwlawonline.com | tjmiglio@varnumlaw.com |
| hollander@bwlawonline.com | bebuchanan@varnumlaw.com |

_____

## FIRST AMENDED COMPLAINT

Plaintiffs Tonya Denise Williams, Doreen Van Buren, Shawna Payne Maxwell, Stacey M. Burch, Dimitra Jackson, Wanda L. Williams, and Sharon Johnson, through their attorneys, Blanchard & Walker, PLLC, file this Complaint

1

against Defendant Health Alliance Plan of Michigan, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiffs allege that although Defendant classified them as "exempt" under the FLSA, see 29 U.S.C. § 213(a), they were in fact "non-exempt" employees for purposes of the FLSA and were not paid overtime wages when they worked over forty (40) hours in a week. The following allegations are based on personal knowledge as to Plaintiffs' own conduct, and are made on information and belief as to the acts of others.

## NATURE OF THE CASE

1. Plaintiffs have initiated the instant action to redress violations of the FLSA caused by Defendant Health Alliance Plan of Michigan's ("HAP" or "Defendant") failure to pay proper overtime wages to Plaintiffs. The original complaint was filed on April 26, 2017 by named Plaintiffs Tonya Denise Williams and Doreen Van Buren on behalf of themselves and all other similarly situated pursuant to 29 U.S.C. §216(b).

2. Plaintiffs are or were employed by HAP as Appeals and Grievance Analysts ("AGAs") within the past three years.

3. During the applicable statutory period, Plaintiffs worked more than forty (40) hours per workweek but were not paid the proper overtime premium for all of their overtime hours.

4. Under the FLSA, an employee is classified as exempt versus non-exempt according to their job duties. See 29 U.S.C. § 213(a). Non-exempt employees are entitled to overtime compensation under the FLSA. *Id.*

5. HAP improperly classified Plaintiffs as exempt employees under the FLSA, thereby denying them their overtime compensation as required by law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## PARTIES

**Tonya Williams**

8. Plaintiff Tonya Denise Williams ("Tonya Williams") was an adult resident of the State of Michigan when this lawsuit was originally filed on April 26, 2017. Since then, Plaintiff has moved to Richmond, Kentucky.

9. Tonya Williams was employed by HAP starting on or around September 2011. She was employed by HAP as an AGA from about April 2013 until on or around February 16, 2018.

10. Prior to on or around November 2014, the job title for AGAs was "Member Advocate"; however, the actual job duties and responsibilities for AGAs has remained the same throughout the three years preceding this lawsuit notwithstanding the change in job title.

11. Tonya Williams is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

12. Tonya Williams's signed consent form was filed with the Court on April 26, 2017. See ECF No. 1-1.

**Doreen Van Buren**

13. Plaintiff Doreen Van Buren ("Van Buren") is an adult resident of the State of Michigan.

14. Van Buren was employed by HAP starting on or around May 1996. She was employed by HAP as an AGA from about July 2009 until on or around March 30, 2018.

15. Van Buren is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

16. Van Buren's signed consent form was filed with the Court on April 26, 2017. See ECF No. 1-2.

5

**Shawna Payne Maxwell**

17. Plaintiff Shawna Payne Maxwell ("Maxwell") is an adult resident of the State of Michigan. Her maiden name is Shawna Payne and her married name is Shawna Maxwell.

18. Maxwell has been employed by HAP as an AGA since on or around October 2011.

19. Maxwell is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

20. Maxwell's signed consent form was filed with the Court on May 10, 2017. See ECF No. 3.

**Stacey M. Burch**

21. Plaintiff Stacey M. Burch ("Burch") is an adult resident of the State of Michigan.

22. Burch was employed by HAP as an AGA from 2007 to 2018.

23. Burch is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

24. Burch's signed consent form was filed with the Court on May 10, 2017. See ECF No. 3.

**Dimitra Jackson**

25. Plaintiff Dimitra Jackson ("Jackson") is an adult resident of the State of Michigan.

26. Jackson was employed by HAP as an AGA until approximately November 21, 2014.

27. Jackson is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

28. Jackson's signed consent form was filed with the Court on May 10, 2017. See ECF No. 3.

**Wanda L. Williams**

29. Plaintiff Wanda L. Williams ("Wanda Williams") is an adult resident of the State of Michigan.

30. Wanda Williams was employed by HAP as an AGA until approximately February 2016.

31. Wanda Williams is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

32. Wanda Williams' signed consent form was filed with the Court on May 10, 2017. See ECF No. 3.

**Sharon Johnson**

33. Plaintiff Sharon Johnson ("Johnson") is an adult resident of the State of Michigan.

34. Johnson has been employed by HAP as an AGA.

35. Johnson is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

36. Johnson's signed consent form was filed with the Court on September 12, 2017. See ECF No. 15.

**Defendant HAP**

37. HAP is a Michigan non-profit corporation with its corporate headquarters located in Detroit, Michigan.

38. HAP employs over 1,000 employees and has more than 675,000 members in its medical benefit plans.

39. HAP administers health insurance benefits under health maintenance organization (HMO), preferred provider organization (PPO), and exclusive provider organization (EPO) plans. HAP also administers health and prescription drug plans for individuals who qualify for Medicare. *HAP Fact Sheet*, HAP, https://www.hap.org/docs/fact_sheet.pdf (last visited April 26, 2017).

40. At all times material, HAP was an "enterprise engaged in commerce or in the production of goods for commence" as defined by the FLSA, 29 U.S.C. 203(s)(1).

41. HAP is the "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203.

## **GENERAL ALLEGATIONS**

42. Defendant willfully misclassified Plaintiffs as "exempt" under the FLSA. As a result, Plaintiffs were illegally under-compensated for their work.

43. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. § 207(a)(1).

44. The FLSA exempts certain employees from the overtime requirements; however, an employer who claims an exemption under the FLSA has the burden of showing that the exemption applies.

45. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

46. Plaintiffs have the primary job duty of responding to grievances filed by HAP members over issues concerning insurance coverage and claim disputes.

47. Plaintiffs are not regularly engaged in the management and general business administration of HAP's operations.

48. Plaintiffs' actual primary job duties do not include the exercise of discretion and independent judgment with respect to matters of significance. They make no holistic decisions. Rather, manuals, rules and policies that are promulgated and enforced by HAP control nearly every aspect of their work.

49. AGAs are supervised by a Grievance Manager. The Grievance Manager must approve nearly every aspect of the AGAs' work to ensure compliance with rules and policies dictated by HAP. For example, the Grievance Manager must approve of any written communication sent by an AGA to any member of HAP's benefits plans.

50. In the three years preceding the filing of this lawsuit, Plaintiffs regularly worked more than 40 hours per workweek without being paid their proper overtime compensation, in violation of the FLSA.

51. HAP has willfully failed to pay overtime as required under the FLSA and has done so knowingly and without any good faith legal basis.

52. HAP willfully operated under a common scheme to deprive Plaintiffs of proper overtime compensation by paying them less than what is required under law.

53. HAP was aware, or should have been aware, of its unlawful classification and recklessly chose to disregard the consequences of its actions.

## COUNT I
**Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.*
*Unpaid Overtime - On Behalf of All Plaintiffs*

54. Plaintiffs are all victims of Defendant's common policy of misclassifying its AGAs as exempt under the FLSA. This policy has resulted in

willful violations of Plaintiffs' rights under the FLSA, and that have caused significant damage to Plaintiffs.

55. The job duties of Plaintiffs do not fit the definition of exempt administrative employees as forth in the FLSA, case law, and administrative regulations because:

    a. Their primary job duty is not directly related to the management and/or general business operations of HAP; and

    b. Their primary job duty does not include the exercise of discretion and independent judgment with respect to matters of significance; rather they must follow comprehensive company-wide policies and guidelines that dictate virtually every aspect of their job duties, and they have virtually no discretion in denying or approving an appeal.

56. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiffs no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

57. Plaintiffs regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

58. Defendant did not and has not made a good-faith effort to comply with the FLSA.

59. Defendant willfully failed and refused to pay Plaintiffs wages at the required overtime rates.

60. Defendant's willful failure and refusal to pay Plaintiffs overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

61. As a direct and proximate result of these unlawful practices, Plaintiffs suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, pray for relief as follows:

a. A finding that Plaintiffs are similarly situated;

b. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates;

c. A finding that Defendant's violations of the FLSA are willful;

d. An amount equal to Plaintiffs' actual damages as liquidated damages;

e. All costs and attorneys' fees incurred prosecuting this claim;

f. An award of any pre- and post-judgment interest;

g. Leave to add additional plaintiffs or claims by motion, or any other method approved by the Court; and

h. All further relief as the Court deems just and equitable.

              Respectfully submitted,

              /s/ David M. Blanchard
              David M. Blanchard (P67190)
              Blanchard & Walker, PLLC
              221 N. Main Street, Suite 300
              Ann Arbor, MI 48104
              Telephone: (734) 929-4313
              blanchard@bwlawonline.com

Date: October 10, 2018

## **CERTIFICATE OF SERVICE**

I, herby certify that on October 10, 2018, my paralegal, Natalie Walter, electronically filed the foregoing paper with the Clerk of the Court using the ECF system, whereupon it is electronically served on all counsel of record.

    Respectfully submitted,

    /s/ David M. Blanchard
    David M. Blanchard (P67190)
    Blanchard & Walker, PLLC
    221 N. Main Street, Suite 300
    Ann Arbor, MI 48104
    Telephone: (734) 929-4313
    blanchard@bwlawonline.com

Date: October 10, 2018