UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA DENISE WILLIAMS,
DOREEN VAN BUREN,
SHAWNA PAYNE MAXWELL,             Case No. 2:17-cv-11336
STACEY M. BURCH,
DIMITRIA JACKSON,                  HON. DAVID M. LAWSON
WANDA L. WILLIAMS and
SHARON JOHNSON,

       Plaintiffs,

v.

HEALTH ALLIANCE PLAN
OF MICHIGAN,

       Defendant.

| | |
|---|---|
| DAVID M. BLANCHARD (P67190) | TERRENCE J. MIGLIO (P30541) |
| FRANCES J. HOLLANDER (P82180) | BARBARA E. BUCHANAN (P55084) |
| BLANCHARD & WALKER, PLLC | JOSEPH J. VOGAN (P29920) |
| Attorneys for Plaintiffs | VARNUM LLP |
| 221 N. Main Street, Suite 300 | Attorneys for Defendant |
| Ann Arbor, MI 48104 | 160 W. Fort Street, Fifth Floor |
| (734) 929-4313 | Detroit, MI 48226 |
| blanchard@bwlawonline.com | (313) 481-7000 |
| hollander@bwlawonline.com | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |
| | jjvogan@varnumlaw.com |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND ENTRY OF STIPULATED ORDER OF DISMISSAL**

      For the reasons set forth in the brief filed herewith, Plaintiffs and Defendant

move for approval of the settlement agreement and for entry of a stipulated order

of dismissal. A copy of the Settlement Agreement will be provided to the Court in advance of the hearing on this Motion. A copy of the order of dismissal is submitted separately through the Court Utilities.

Respectfully submitted,

| | |
|---|---|
| /s/ David M. Blanchard | /s/Terrence J. Miglio |
| DAVID M. BLANCHARD (P67190) | TERRENCE J. MIGLIO (P30541) |
| FRANCES J. HOLLANDER (P82180) | BARBARA E. BUCHANAN (P55084) |
| BLANCHARD & WALKER, PLLC | JOSEPH J. VOGAN (P29920) |
| Attorneys for Plaintiffs | VARNUM LLP |
| 221 N. Main Street, Suite 300 | Attorneys for Defendant |
| Ann Arbor, MI 48104 | 160 W. Fort Street, Fifth Floor |
| (734) 929-4313 | Detroit, MI 48226 |
| blanchard@bwlawonline.com | (313) 481-7000 |
| hollander@bwlawonline.com | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |
| | jjvogan@varnumlaw.com |

Dated: December 19, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA DENISE WILLIAMS,
DOREEN VAN BUREN,
SHAWNA PAYNE MAXWELL,              Case No. 2:17-cv-11336
STACEY M. BURCH,
DIMITRIA JACKSON,                  HON. DAVID M. LAWSON
WANDA L. WILLIAMS and
SHARON JOHNSON,

      Plaintiffs,

v.

HEALTH ALLIANCE PLAN
OF MICHIGAN,

      Defendant.

| | |
|---|---|
| DAVID M. BLANCHARD (P67190) | TERRENCE J. MIGLIO (P30541) |
| FRANCES J. HOLLANDER (P82180) | BARBARA E. BUCHANAN (P55084) |
| BLANCHARD & WALKER, PLLC | JOSEPH J. VOGAN (P29920) |
| Attorneys for Plaintiffs | VARNUM LLP |
| 221 N. Main Street, Suite 300 | Attorneys for Defendant |
| Ann Arbor, MI 48104 | 160 W. Fort Street, Fifth Floor |
| (734) 929-4313 | Detroit, MI 48226 |
| blanchard@bwlawonline.com | (313) 481-7000 |
| hollander@bwlawonline.com | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |
| | jjvogan@varnumlaw.com |

**BRIEF IN SUPPORT OF JOINT MOTION FOR
APPROVAL OF SETTLEMENT AGREEMENT AND
ENTRY OF STIPULATED ORDER OF DISMISSAL**

This is a suit for alleged violation of the Fair Labor Standards Act ("FLSA"). Although Defendant denies any liability, the parties have entered into a confidential settlement agreement, including a stipulated order of dismissal. The settlement agreement between Plaintiffs and Defendant is contingent upon its approval by the Court.

## I. APPLICABLE LEGAL STANDARDS

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Jarrard v. Southeastern Ship Building Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). If a settlement agreement reflects a "reasonable compromise" over issues that are "actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354.

Courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement" and, as a result, will often approve the settlement without need for a formal hearing. *Aros v. United Rentals, Inc.,* 2012 WL 3060470, at *2 (D. Conn. July 26, 2012); *see also Diaz v. Scores Holding Co., Inc.*, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) (approving

settlement opt-in plaintiffs' FLSA claims because "[t]he settlement was the result of contested litigation and arm's length negotiation"); *Ruiz v. GVMS, Inc.*, 2009 WL 3157349, at *1 (S.D. Tx. Sept. 25, 2009) ("This court has reviewed the settlement agreement and finds that the amount to be paid to the plaintiffs and the amount of attorney's fees provided for in the settlement agreement as fair and reasonable."); *Burton v. Utility Design, Inc.*, 2008 WL 2856983, at *2 (M.D. Fl. July 22, 2008) (adopting and confirming magistrate judge's findings and recommendation to approve the proposed settlement of individual FLSA claims for opt-in plaintiffs only).[1]

## II. APPLICATION TO THE FACTS

Here, the settlement agreement between Plaintiffs and Defendant is fair in that the amount of the settlement bears a reasonable relationship to the amount in dispute, the costs of proceeding with the litigation, and the risks of proceeding with the litigation. The parties reached agreement through "arm's length" negotiations and in the context of an "adversarial" proceeding. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354. Counsel for Plaintiffs has also recommended the settlement as being fair and reasonable.

The settlement involves individual named Plaintiffs only, all of whom have actually reviewed and signed the settlement agreement and agreed that it is fair and

---

[1] Unpublished cases are attached hereto at Exhibit 1.

3

reasonable. Thus, the concern for fairness to absent class members and opt-ins that often motivates and informs the Court's review of FLSA settlement agreements is not present here.

For purposes of allowing the Court to review the settlement agreement, without destroying the confidential nature of it, Plaintiffs and Defendant will submit a copy of the settlement agreement directly to the Court for *in camera* review. If the Court wishes to hear further argument, the parties will happy to appear in open court and to address any questions the Court may have concerning the settlement agreement.

Respectfully submitted,

| | |
|---|---|
| */s/ David M. Blanchard* | */s/Terrence J. Miglio* |
| DAVID M. BLANCHARD (P67190) | TERRENCE J. MIGLIO (P30541) |
| FRANCES J. HOLLANDER (P82180) | BARBARA E. BUCHANAN (P55084) |
| BLANCHARD & WALKER, PLLC | JOSEPH J. VOGAN (P29920) |
| Attorneys for Plaintiffs | VARNUM LLP |
| 221 N. Main Street, Suite 300 | Attorneys for Defendant |
| Ann Arbor, MI 48104 | 160 W. Fort Street, Fifth Floor |
| (734) 929-4313 | Detroit, MI 48226 |
| blanchard@bwlawonline.com | (313) 481-7000 |
| hollander@bwlawonline.com | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |
| | jjvogan@varnumlaw.com |

Dated: December 19, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2018, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

                     */s/Terrence J. Miglio*
                     Terrence J. Miglio (P30541)

14261037_1.docx